AUGUSTA J. GLEASON *vs.* ELIZABETH DALY.

Plymouth.    December 4, 1905. — February 28, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Witness,* Cross-examination, Contradiction.    *Will.*

At the trial of an issue as to the sanity of a testator who executed the alleged will in a ward of a hospital when three persons were present besides the attesting witnesses, one of these persons testified that when the instrument was presented to the alleged testator he was told "This is your will giving all your property to G." (the person to whom it was given by the alleged will) and was asked whether he wanted to sign it, and that the alleged testator nodded his head and reached for a pen. He also testified that on or about the day that the will was executed he saw the alleged testator take a teacup in his hand and drink from it, and that on various occasions he had asked the alleged testator how he was, and he had answered "Pretty well." On cross-examination he was asked whether he had not said to the orderly at the hospital on the day the will was executed "That it was a shame to make that man make a will. They might as well have a dead man." The judge excluded the question. On an exception to this ruling it was *held,* that, as the witness was not qualified to express an opinion upon the sanity of the alleged testator, the only question was whether an affirmative answer to the question was admissible to contradict the previous statements of the witness and thus weaken his credibility, and that the witness's alleged statement to the orderly properly might be interpreted as a statement concerning the mental capacity of the alleged testator, which the jury erroneously might regard as affirmative evidence on that issue, and so properly could be excluded by the judge as not strictly in contradiction of the statements of the witness as to simple physical acts of the alleged testator; *also,* that the judge properly might have excluded the evidence on the ground that the alleged statement was so vague and indefinite as not to have any tendency to contradict the witness.

APPEAL from a decree of the Probate Court for the county of Plymouth admitting to probate an instrument purporting to be the will of John Griffin.

At the trial of the appeal before *Lathrop,* J. the following issues were submitted to the jury:

First. Was the instrument offered for probate as the last will of John Griffin, deceased, executed according to law?

Second. Was the said John Griffin of sound and disposing mind and memory at the time of the execution of the alleged will?

The jury answered both issues in the affirmative; and the appellant alleged exceptions, raising a single question as to the exclusion by the presiding justice of a question asked one Tileston upon his cross-examination as a witness, which is described fully in the opinion.

*D. J. Sheerin*, for the appellant.

*R. W. Nutter*, for the appellee, submitted a brief.

HAMMOND, J. One of the issues was whether at the time of the execution of the will the testator was of sound and disposing mind and memory; and on this issue the evidence was conflicting.

The will was executed in a ward of a hospital, and there were in the ward at the time three persons besides the subscribing witnesses. Tileston, one of these three, was called in support of the will. He testified among other things that when the will was presented to Griffin, the testator, he was told, " This is your will giving all your property to Gusty [the petitioner]," and was asked if he wanted to sign it; that Griffin nodded his head and reached for the pen. He further testified that he saw Griffin take a teacup in his hand and drink from it on or about the day the will was executed, and that on various occasions he had asked Griffin how he was and Griffin had answered " Pretty well." On cross-examination the witness was asked if he had not said to one Sullivan, the orderly at the hospital, on the same day the will was executed, " That it was a shame to make that man make a will. They might as well have a dead man." The question was objected to by the appellee as calling for the opinion of the witness on the testator's mental capacity; but the appellant stated that the question was asked with the intention of contradicting the witness, if he should answer in the negative, by calling Sullivan. The justice excluded the question, the appellant excepted, and the only matter for us to determine is whether there was error in law in excluding this question.

Since Tileston was not qualified to express an opinion upon

the sanity of the testator, the only ground upon which the question was admissible, if at all, was that an answer in the affirmative would tend to contradict his previous statements and thus weaken his credibility.

Tileston had not expressed any opinion as to the sanity of the testator. He had simply testified to certain very simple physical acts of the testator. The statement which it is said he made to Sullivan, when fairly considered, is rather a statement respecting the mental capacity of the testator than his physical condition, and there was danger that it would be regarded by the jury as affirmative evidence of the testator's mental capacity. Under these circumstances the justice was justified in holding somewhat strictly to the rule as to contradictory evidence; and he may have concluded that the alleged statement was so vague and indefinite as not to have any tendency to contradict the witness. In coming to such a conclusion we do not see that he committed any error. The case differs from cases like *Hathaway* v. *Crocker*, 7 Met. 262, and *Brown* v. *Brown*, 108 Mass. 386, and should stand with *Hubbell* v. *Bissell*, 2 Allen, 196, and similar cases.

*Exceptions overruled.*